**WO** SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andrew Jackson O'Banion, ) | No. CV 05-3932-PHX-SMM (MEA) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Joseph M. Arpaio, et al., ) | |
| Defendants. ) | |

Plaintiff Andrew Jackson O'Banion, who is confined in the Arizona State Prison - Mohave Unit in Douglas, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. (Doc.# 1.)[1] The Court dismissed the Complaint and granted Plaintiff leave to file an amended complaint. (Doc.# 4.) Plaintiff has filed a First Amended Complaint concerning his conditions of confinement while he was a pretrial detainee in Maricopa County's Durango Jail. (Doc.# 6.) The Court will order Defendants Arpaio and Maricopa County to answer Counts I-III of the First Amended Complaint.

**I. Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

---

[1] "Doc.#" refers to the docket number of documents filed in this action.

**TERMPSREF**

be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

## II. First Amended Complaint

Plaintiff's action concerns overcrowded and unsanitary conditions at the Durango Jail. Plaintiff sues Maricopa County Sheriff Joseph Arpaio and Maricopa County. Plaintiff seeks compensatory and other relief.

## III. Failure to State a Claim Pursuant to Hart v. Hill

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). Plaintiff seeks relief in part based on Hart v. Hill, No. CIV 77-0479-PHX-EHC (D. Ariz). Jurisdiction to enforce the judgment in Hart is retained by the court that entered it, Jeff D. v. Kempthorne, 365 F.3d 844, 853 (9th Cir. 2004), and Plaintiff may not enforce the decree entered in Hart in a separate civil rights action, Cagle v. Sutherland, 334 F.3d 980, 986 (11th Cir. 2003); Klein v. Zavaras, 80 F.3d 432, 435 (10th Cir. 1996); DeGidio v. Pung, 920 F.2d 525, 534 (8th Cir.1990); Green v. McKaskle, 788 F.2d 1116, 1122-23 (5th Cir. 1986). Moreover, standing alone, remedial orders, such as that entered in Hart, cannot serve as a substantive basis for a § 1983 claim for damages because such orders do not create "rights, privileges, or immunities secured by the Constitution and laws." Green, 788 F.3d at 1123-24. Rather, remedial decrees are the means by which unconstitutional conditions are corrected. Id. at 1123. For these reasons, Plaintiff may not properly seek § 1983 relief to enforce Hart in this action. Therefore, to the extent that Plaintiff seeks to enforce Hart, he fails to state a claim for relief.

## IV. Claims For Which An Answer Will be Required

In Counts I-III, Plaintiff alleges that Sheriff Arpaio and Maricopa County have established and enforced policies that resulted in unconstitutional conditions of confinement. Plaintiff alleges overcrowding, understaffing, unsanitary conditions, increased risk of inmate violence, inadequate recreation, and unsanitary food handling practices. These allegations

1 are sufficient to state claims regarding his conditions of confinement.  Accordingly, service
2 on the Defendants will be ordered.

3 **V.  Warnings**

4      **A.  Release**

5      Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.
6 Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay
7 the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result
8 in dismissal.

9      **B.  Address Changes**

10      Plaintiff must file and serve a notice of a change of address 10 days before the move
11 is effective, if practicable.  See LRCiv 83.3(d).  Plaintiff must not include a motion for other
12 relief with a notice of change of address.  Failure to comply may result in dismissal.

13      **C.  Copies**

14      Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy
15 of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must be accompanied by
16 a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff
17 must submit an additional copy of every filing for use by the Court.  LRCiv 5.4.  The Court
18 may strike any filing that fails to comply with these requirements.

19      **D.  Possible Dismissal**

20      Plaintiff is warned that failure to timely comply with every provision of this Order,
21 including these warnings, may result in dismissal of this action without further notice.  See
22 Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an
23 action for failure to comply with any order of the Court).

24 **IT IS ORDERED:**

25      (1)  Defendants Arpaio and Maricopa County must answer Counts I-III.

26      (2)  The Clerk of Court must send Plaintiff a service packet including the First
27 Amended Complaint (doc.#6), this Order, and both summons and request for waiver forms
28 for Defendants Arpaio and Maricopa County.

1    (3) Plaintiff must complete and return the service packet to the Clerk of Court within
2 20 days of the date of filing of this Order.  The United States Marshal will not provide
3 service of process if Plaintiff fails to comply with this Order.

4    (4) If Plaintiff does not either obtain a waiver of service of the summons or complete
5 service of the Summons and First Amended Complaint on a Defendant within 120 days of
6 the filing of the complaint or within 60 days of the filing of this Order, whichever is later, the
7 action may be dismissed as to each Defendant not served pursuant to Rule 4(m) of the
8 Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

9    (5) The United States Marshal must retain the Summons, a copy of the First Amended
10 Complaint, and a copy of this Order for future use.

11    (6) The United States Marshal must notify Defendants of the commencement of this
12 action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal
13 Rules of Civil Procedure (Arpaio) and Rule 4(j)(2) of the Federal Rules of Civil Procedure
14 and Rule 4.1(c) of the Arizona Rules of Civil Procedure (Maricopa County).  The notice to
15 Defendants must include a copy of this Order. The Marshal must immediately file requests
16 for waivers that were returned as undeliverable and waivers of service of the summons. If a
17 waiver of service of summons is not returned by a Defendant within 30 days from the date
18 the request for waiver was sent by the Marshal, the Marshal must:

19        (a) Personally serve copies of the Summons, First Amended Complaint, and
20    this Order upon Defendant pursuant to Rule 4(e)(2) (Arpaio) and/or Rule 4(j)(2) of
21    the Federal Rules of Civil Procedure (Maricopa County);

22        (b) Within 10 days after personal service is effected, file the return of service
23    for Defendant, along with evidence of the attempt to secure a waiver of service of the
24    summons and of the costs subsequently incurred in effecting service upon Defendant.
25    The costs of service must be enumerated on the return of service form (USM-285) and
26    must include the costs incurred by the Marshal for photocopying additional copies of
27    the Summons, First Amended Complaint, or this Order and for preparing new process
28    receipt and return forms (USM-285), if required. Costs of service will be taxed against

1 the personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules
2 of Civil Procedure unless otherwise ordered by the Court.

3 (7) **A Defendant who agrees to waive service of the Summons and First Amended**
4 **Complaint must return the signed waiver forms to the United States Marshal, not the**
5 **Plaintiff.**

6 (8) Defendant must answer the First Amended Complaint or otherwise respond by
7 appropriate motion within the time provided by the applicable provisions of Rule 12(a) of
8 the Federal Rules of Civil Procedure.

9 (9) Any answer or responsive pleading must state the specific Defendant by name on
10 whose behalf it is filed. The Court may strike any answer, responsive pleading, or other
11 motion or paper that does not identify the specific Defendant by name on whose behalf it is
12 filed.

13 (10) This matter is referred to Magistrate Judge Mark E. Aspey pursuant to Rules
14 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

15 DATED this 7th day of August, 2006.

Stephen M. McNamee
United States District Judge